UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JACKSON KITCHENS, | 1: 06 CV 00541  WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| THOMAS VOSS, | |
| Respondent. | |

Petitioner is a pretrial detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

On September 30, 2002, the District Attorney of Fresno County, California, filed a petition to declare Petitioner a sexually violent predator ("SVP") pursuant to California Welfare and Institutions Code section 6600 et seq.

On November 7, 2002, the Fresno County Superior Court found probable cause to believe that Petitioner is likely to engage in sexually violent predatory criminal behavior upon his release

1  from custody.  The court ordered that Petitioner remain in custody pending trial on the petition.

2  Petitioner proceeded to file numerous petitions for writs of habeas corpus in the Fresno

3  County Superior Court and in the Court of Appeal, Fifth Appellate District, in which he challenged

4  the legality of the SVP commitment proceedings against him.   Petitioner then petitioned the

5  California Supreme Court for review of the Court of Appeal's denial of his last petition.  That

6  petition was also denied.

7  On May 5, 2006, Petitioner filed the present petition challenging the legality of the SVP

8  commitment proceedings against him in state court.

## DISCUSSION

10  Respondent moves to dismiss this petition on the ground that principles of comity and

11  federalism require that this court abstain from ruling on the petition until the state proceedings are

12  completed.  Petitioner opposes the motion.

13  Under principles of comity and federalism, a federal court should not interfere with ongoing

14  state criminal proceedings by granting injunctive or declaratory relief except under special

15  circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when:

16  (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important

17  state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional

18  issue.  Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982);

19  Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).  The rationale of Younger

20  applies throughout the appellate proceedings, requiring that state appellate review of a state court

21  judgment be exhausted before federal court intervention is permitted.  Dubinka, 23 F.3d at 223 (even

22  if criminal trials were completed at time of abstention decision, state court proceedings still

23  considered pending).

24  In this case, it is undisputed that after numerous continuances over the last four and one half

25  years, Petitioner is still detained in custody awaiting trial on the petition to declare him a SVP.  The

26  court finds that it is clear that state proceedings, judicial in nature, are pending against Petitioner, and

27  that these proceedings involve important state interests.  Further, the court finds that these state

28  proceedings afford Petitioner an adequate opportunity to raise constitutional issues. As Respondent

1  argues, Petitioner can raise any constitutional issues which may arise from any ultimate commitment
2  order through either appeal or a state habeas petition.  Finally, the court rejects Petitioner's
3  contention that <u>Younger</u> abstention is not appropriate because he seeks to challenge the initial
4  administrative finding as to his past sexual crimes.  Nothing precludes Petitioner from raising this
5  issue in a challenge to any ultimate commitment order which may be entered. Petitioner's desire to
6  challenge this finding before the trial on the petition does not alter this court's duty to abstain
7  <u>Younger</u> from interfering with ongoing state judicial proceedings. Accordingly, the court finds that it
8  is required to abstain from further consideration of this case.

9       Based on the foregoing, IT IS HEREBY ORDERED as follows:

10  1)   Respondent's motion to dismiss is GRANTED;
11  2)   this petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right
12       to file an appropriate habeas corpus petition following completion of his state court
13       proceedings;
14  3)   Petitioner's motion for judgment filed July 3, 2007 [Doc. 16], is DENIED as moot;
15  4)   Petitioner's motion for judgment filed December 19, 2007 [Doc. 19], is DENIED as moot;
16  5)   Petitioner's motion for a more definite statement filed January 14, 2008 [Doc. 21], is
17       DENIED as moot;
18  6)   the Clerk of the Court is directed to enter judgment for Respondent and to close this case.

21  IT IS SO ORDERED.

22  **Dated:   January 22, 2008**               **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE